# Richmond

COMMONWEALTH OF VIRGINIA, DEPARTMENT OF MENTAL HYGIENE AND HOSPITALS v. G. W. DUNCAN, COMMITTEE FOR DAVID CLYDE BEDSAUL.

December 6, 1968.

Record No. 6783.

Present, All the Justices.

*Raleigh M. Cooley* for plaintiff in error.

No brief or argument for defendant in error.

Per Curiam.

The Department of Mental Hygiene and Hospitals brought this action against David Clyde Bedsaul's Committee under Code § 37-125.5 (Supp. 1966)* to recover expenses incident to Bedsaul's hospitalization at Southwestern State Hospital. The Circuit Court of Carroll County entered judgment for the Department, "subject to a total estate exemption of $2500.00". The sole issue on this appeal is whether an estate exemption is applicable to an action under Code § 37-125.5.

Although Code § 37-125.5 contained no provision for an estate exemption, the Committee contended that the exemption provided

---

*In 1968 the General Assembly repealed Title 37 of the Code and enacted Title 37.1 in lieu thereof. Va. Acts of Assembly 1968, ch. 477.

for under Code § 37-128 (Supp. 1966) applied to a judgment under Code § 37-125.5.

Code § 37-128, which permitted the department to recover the expenses of boarding a patient with a private family, provided that the patient's estate should not be depleted below $2,500. The last sentence of Code § 37-128 provided: "The provisions of [§§ 37-125.1-125.15] shall apply, mutatis mutandis, to collections authorized by this section [§ 37-128]."

The last sentence of Code § 37-128 did not make the provisions of that section applicable to actions under Code § 37-125.5; rather, that sentence made the provisions of Code §§ 37-125.1-125.15 applicable *mutatis mutandis* to actions under Code § 37-128. The trial court therefore erred in holding that the estate exemption applied to this action under Code § 37-125.5. The judgment is modified accordingly.

*Modified, affirmed, and final judgment.*